JOSEPH H. FUNK, Respondent, v. JOHN W. URTON, Appellant.

Kansas City Court of Appeals, April 27, 1891.

1. **Contracts:** BOND TO PAY ON CERTAIN CONTINGENCY : OBLIGEE CAN-
NOT PRODUCE THE CONTINGENCY : CONSIDERATION. In 1882, defend-
ant sold plaintiff land, in which was an old unused railroad right of
way, graded in 1872, and defendant gave plaintiff his bond in the
sum of $500 to be paid if said railroad was ironed within ten
years. In 1888, said road, as pleaded and claimed in evidence, was
ironed under contract with plaintiff, and in 1889 the railroad com-
pany paid plaintiff for said right of way and he deeded it the same.
*Held,* an instruction, if plaintiff, at the time the road was ironed,
had good title to the right-of-way strip by adverse possession, and
that the railway company constructed its track under a contract
of purchase from plaintiff, and not by reason of any rights it had
formerly acquired, the finding should be for the defendant, was
proper and it was error to refuse it, as defendant was not obligated
to pay the $500, if plaintiff himself should iron the road or procure
others to, or for a valuable consideration grant them the right to.

2. ———— : RESCISSION OF CONVEYANCE: COLLATERAL BOND : EXCEP-
TION. Where a deed and collateral bond executed by defendant,
and deed of trust and notes executed by plaintiff, were executed
and delivered contemporaneously and considered as one transaction,
and afterwards the contract was canceled, it, *ipso facto,* annulled
the bond, unless it was excepted from the operation of the subse-
quent contract.

*Appeal from the Cass Circuit Court.*—HON. CHAS.
W. SLOAN, Judge.

REVERSED AND REMANDED.

Statement by the court.

Defendant owned one hundred and forty-two acres
of land, through which a railroad right of way, one hun-
dred feet wide, existed, the right of way being obtained
and graded for the track in 1872, but no rails had been
laid. He sold it to plaintiff in 1882, for $35 per acre

including the one-hundred-foot strip.   He made a deed to plaintiff and plaintiff executed notes and deed of trust to him for the purchase money.   He also executed to plaintiff the following bond which is the instrument sued on :

"Know all men by these presents, that I, John W. Urton, of the county of Cass, and state of Missouri, am held and firmly bound to Joseph H. Funk, of the county of Cass, and state of Missouri, in the sum of $500, to be paid to the said Joseph H. Funk, Jr., his executors, administrators or assigns, to the payment of which I bind myself, my heirs, executors and administrators firmly by these presents ; sealed with my seal and dated the first day of September, A. D. 1882.   The condition of this obligation is, that I have this day sold and conveyed to the said Joseph H. Funk one hundred and forty-two acres of land in the west half of section 9, township 45, range 32, through which there is a railroad track located and graded.   Now, if at any time within ten years from the date of this instrument said railroad shall be *ironed*, then this obligation shall remain in force, but if said road shall not be ironed within said ten years, this bond is to be void."

"[ Seal. ]                     JOHN W. URTON.

"Witness :   W. F. SPENCE.

Afterwards defendant sold to plaintiff eighty-seven acres of land in consideration, as he states, of $4,000, and the cancellation of the bond ; that in the last sale it was agreed that the deed of trust and notes should be canceled, and further agreed that plaintiff would convey to him the one hundred and forty-two acres he had before conveyed to plaintiff, and thereupon he would convey to plaintiff, in one deed, the full tract; that this was done, the notes and deed of trust given up, but that the bond was overlooked.   The court found for plaintiff and defendant appeals.   Defendant's answer as correctly summarized by counsel is as follows :

"*First.* A general denial, except that the execution of the bond is admitted. *Second.* Said answer alleges, that on September 1, 1882, defendant was the owner in fee of two hundred and twenty acres of land, known as the Anna Wood farm, being all of the west half of section 9, township 45, range 32, except one hundred acres on south side thereof ; that on said date he sold and conveyed to plaintiff one hundred and forty-two acres of said tract, being west half of northwest quarter of said section of land, and reserved of said tract eighty-seven acres thereof, being east half of northwest quarter of section 29, that said land was so sold to defendant for $35 per acre, to be paid in installments ; that said bond was executed and delivered as a part of the contract of said sale ; that afterwards, on the fifteenth of June, 1883, and before the land purchased was paid for by him, said plaintiff came to this defendant and proposed to buy the eighty-seven acres aforesaid, being the balance of said Anna Wood tract, and agreed with defendant that if the latter would sell and convey to him the eighty-seven acres aforesaid, for the sum of $4,000, or $50 per acre for eighty acres thereof, that plaintiff would cancel and destroy said bond ; that thereupon defendant accepted said proposition, and sold plaintiff the eighty acres of land for said sum of $4,000, and conveyed him the eighty-seven acres as a consideration for the cancellation and discharge of said bond ; that pursuant to said agreement plaintiff deeded the one hundred and forty-two acres aforesaid to defendant, and thereupon defendant conveyed to said plaintiff the entire two-hundred-and-twenty-acre tract of land aforesaid ; that it was well understood and agreed between the parties, that said bond was to be canceled and discharged, and to be of no more effect, by reason of the latter sale and conveyance ; and that defendant supposed for a long time afterwards that said bond had been canceled and discharged." The third defense

pleaded in said answer charges "that about the year 1872, while said Anna Wood was the owner in fee of the said one hundred and forty-two acres of land, the Kansas City & Memphis Railway Company acquired a right of way, one hundred feet in width, through said one hundred and forty-two acres of land, and graded its said roadbed across same ; that when defendant sold to plaintiff said land he also sold him the strip, one hundred feet in width, across said land, and the same was included in said one hundred and forty-two acres ; that for the purpose of indemnifying said plaintiff, and compensating him for said strip of land, one hundred feet in width, as aforesaid, in case said railway company should enter upon, claim and hold the same, and for no other purpose, the bond sued on herein was executed and delivered to said plaintiff, and received by him, for the sole purpose and consideration aforesaid ; that said Kansas City & Memphis Railway Company, about the year 1872, abandoned said strip, and said Anna Wood and those claiming under and through her, including this plaintiff and defendant, held the open, notorious, continuous, exclusive adverse possession of said strip of land, one hundred feet in width, aforesaid, under color of title and claim of right from said date for more than ten years ; that possession of said strip was held by plaintiff until the —— day of —— 1888, when the Kansas City & Southern Railway Company, as successors of the Kansas City & Memphis railroad entered upon said strip, on condition that they would settle with plaintiff for said right of way after the completion of its road over said strip ; that afterwards, during the month of May, 1889, said Kansas City & Southern Railway Company paid plaintiff for said strip of one hundred feet the sum of $400, and plaintiff executed and delivered to said railway company a deed therefor ; that, at the time said Kansas City & Southern Railway Company entered upon said strip and took possession thereof, plaintiff had acquired

a full and complete title thereto, by adverse possession,. and could have prevented said railway company from occupying the same, but instead of doing so permitted said company to occupy said strip of land, with the understanding that the company was to pay him for same ; that said company did pay plaintiff therefor and received from him a deed ; that, by reason of the premises, plaintiff acquired a good title to said strip, and afterwards sold and disposed of the same, as he could and would have done with the remainder of said one hundred and forty-two acres; that plaintiff, on the first day of September, 1883, sold by general warranty deed to Hugh Patterson sixty acres of said one hundred and forty-two acres, containing covenants of general warranty, being a portion of said land taken by said railroad ; the said Patterson sold and conveyed said right of way to said Kansas City & Southern Railway Company for $180, on May 18, 1889 ; wherefore,. the consideration for said bond has wholly failed," etc. Defendant, for further defense, pleaded that "if the court should find that the consideration for said bond had not failed, and that said bond was still in force, that then said strip of land became, and was, the property of defendant, and he was entitled to recover of plaintiff the amount which plaintiff realized from said railway company, to-wit, $400." Which amount defendant pleaded as a counterclaim in the case.

The reply filed by plaintiff denies all of the allegations aforesaid, except those matters expressly admitted to be true. It then avers, "that, about the date of the bond sued on, defendant sold to plaintiff the one hundred and forty-two acres aforesaid for $4,970, which plaintiff paid defendant ; and that, as an inducement to plaintiff to purchase said land from defendant at said price, defendant executed to plaintiff the bond sued on herein. The reply then charges that the eighty-seven acres aforesaid were bought for $4,000, and that the one hundred and forty-two acres were conveyed back

to defendant and a deed made by him to plaintiff for the two hundred and twenty acres as a matter of convenience, and not in any manner in satisfaction of said bond."

*James T. Burney* and *R. T. Railey,* for appellant.

(1) The instrument sued on in this case shows on its face that it was intended to indemnify plaintiff against any loss which he might sustain, by reason of the right of way being occupied by the railroad company, and its track ironed, without his consent. (2) If the railroad company was not permitted by plaintiff to occupy the right of way in its original right, but was compelled to buy the same from plaintiff before entering upon same, then plaintiff, in contemplation of law, did not sustain any loss by reason of said right of way having been taken from him. (3) While, therefore, the bond was given, as claimed by plaintiff, as an inducement to the trade, yet it clearly appears from the foregoing testimony that it was given solely to cover the right of way in case plaintiff should lose it. *Noell v. Gaines,* 68 Mo. 652, 653, and cases cited; 2 Smith's Leading Cases, 259, *et seq.; Brownlee v. Arnold,* 60 Mo. 80, and cases cited (4) It will be perceived from the pleadings and record herein that the court below proceeded in this case on the theory, that the plaintiff was simply required to show that the right of way through the one hundred and forty-two acres was ironed. In fact this was all plaintiff did show in chief, and he was permitted to recover notwithstanding the court might have believed that none of the right of way was taken or occupied without his consent; and notwithstanding he may have sold said right of way to the railroad company, as though no road had ever been graded over the land, and received full consideration therefor. We do not believe this to be the law. *Bayse v. Ambrose,* 28 Mo. 40.

*Noah M. Givan*, for respondent.

(1) The instrument sued on shows on its face that it is a conditional promissory note, wherein defendant promises to pay plaintiff $500, if the railroad therein mentioned shall be ironed at any time within ten years from its date. It is not a bond of indemnity. *Hempler v. Schnaider*, 17 Mo. 258 ; *Ham v. Hill*, 29 Mo. 275 ; *Tureman v. Stephens*, 83 Mo. 218 ; *Lindell v. Rokes*, 60 Mo. 249 ; *Crow v. Harmon*, 25 Mo. 417. (2) Parol evidence is not admissible to prove how a written contract was understood by the parties. *Bunce v. Beck*, 43 Mo. 279 ; *Johnson Co. v. Wood*, 84 Mo. 515 ; *State to use v. Lafaivre*, 53 Mo. 470 ; *Jones v. Shaw*, 67 Mo. 667. (3) The finding of the court below, that the bond sued on has not been canceled or discharged, and its finding on all the facts of the case, will not be reviewed here. *Gaines v. Fender*, 82 Mo. 509; *Hamilton v. Boggess*, 63 Mo. 233 ; *Nichols v. Nichols*, 39 Mo. App. 294.

ELLISON, J.—Defendant, by instruction, numbered 2, asked the court to declare that, if plaintiff, at the time the road was ironed, had good title to the right-of-way strip by adverse possession and that the railway company constructed its track under a contract of purchase from plaintiff and not by reason of any rights, it, or its predecessor, had formerly acquired, the finding should be for defendant. Instruction, numbered 4, was substantially to the same effect. Both these instructions should have been given. Much has been said of the bond, its binding force and effect, but, whatever may be said of it, it cannot be construed as obligating defendant to pay the $500, if *plaintiff himself* should iron the road, or if he should procure others to do so ; or, for a valuable consideration, grant them the right to do so. Plaintiff, as purchaser of the land, did not want the strip taken from him by the railway company completing its right to use it. He, perhaps, did not want the road operated through the

premises.    The bond was given  that this  should not be
done.    But if plaintiff procures the breaking of the bond
by selling the land, or right to iron the road, to the rail-
way company, I am at a loss to seè  how this act of his
could be construed as giving him a right of action.

As to  the instruction, numbered 3, we will not say
what the presumption of  law ( as to the bond ) spoken of
therein would be.    But if, as is therein hypothetically
stated,  the  deed ( to  the  one  hundred and  forty-two
acres ) and  bond  executed  by  defendant, and  deed  of
trust and notes executed  by plaintiff to defendant, were
executed  and  delivered  contemporaneously  and  were
considered by the parties as one transaction, and after-
wards the contract was canceled, it, *ipso facto*, canceled
or annulled the bond, unless it was  excepted from the
operation of the subsequent contract.

The  judgment  will  be  reversed,  and  the  cause
remanded.    All concur.